## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CLIFFORD GEORGE CAMERON, II, | ) | |
| AS EXECUTOR OF THE ESTATE OF | ) | |
| FREDRICK CORWIN ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  1:19-cv-05615-WMR |
| | ) | |
| JACKSON NATIONAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR
## SANCTIONS AGAINST DEFENDANT

Plaintiff, Clifford George Cameron, II, as Executor of the Estate of Frederick

Corwin Allen (the "Estate"), hereby moves for an order sanctioning Defendant for

its failure to comply with this Court's August 11, 2020 Order (the "August Order").

In support of his motion, Plaintiff respectfully states as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit to recover funds Defendant owes the Estate pursuant

to an annuity purchased by Mr. Allen and his wife (collectively, the "Allens").  The

dispute centers around a fraudulent request to withdraw all the annuity funds, which

Defendant improperly processed and paid after the Allens were deceased.  The

payment was never received by the Estate—the named beneficiary under the annuity.

On May 22, 2020, Plaintiff served his First Continuing Discovery Requests ("Discovery Requests") upon Defendant.   These requests are comprised of interrogatories, requests to produce, and requests for admissions.  Two months later, on July 21, 2020, Defendant served its responses to Plaintiff's Discovery Requests upon Plaintiff.  A dispute arose between the parties regarding, among other things, the sufficiency of Defendant's responses to Plaintiff's Discovery Requests.

On August 11, 2020, this Court held a hearing to resolve the discovery dispute and ultimately directed Defendant to (1) answer any questions and produce any documents that had been withheld based on objections of unduly burdensome, vague, and overbroad, (2) respond to Plaintiff's interrogatories without referring to documents generally, (3) produce certain e-mails by August 14, 2020, and (4) produce any complaints and reprimands against employees who touched the withdrawal request and processed it.  *See* Excerpts of Transcript of Proceedings from August 11, 2020 hearing (the "Transcript") attached as Exhibit "A," p. 18, lines 14-25, p. 19, lines 1-4, p. 31, lines 2-11, p. 29, lines 8-15.  Defendant's counsel further made representations to the Court that it was compiling certain documents that

would resolve Plaintiff's issues regarding administrative procedures.  *See* Ex. A, Transcript, p. 19, lines 18-25, p. 20, lines 10-21.

On August 14, 2020, Defendant produced twelve pages of documents, none of which were e-mails.  *See* Declaration of Plaintiff's Counsel, Samantha Tzoberi ("Mrs. Tzoberi") attached as Exhibit "B."

On August 18, 2020, Mrs. Tzoberi e-mailed Defendant's counsel, Michael Broadbent, inquiring as to when Defendant's narrative responses to Plaintiff's interrogatories would be sent to her.  *See id.*  He did not respond to the inquiry.  *See id.*

On September 3, 2020, Mrs. Tzoberi e-mailed Mr. Broadbent regarding a missing date and time stamp on the fax at issue in this lawsuit.  *See id.*  Mr. Broadbent said he would investigate and also advised Mrs. Tzoberi that in completing the privilege log, he noted that some documents marked confidential contained information about the Allens and there was some information that inadvertently was not redacted in Defendant's production.  *See id.*  Mr. Broadbent informed Mrs. Tzoberi that revised documents would be sent along with the privilege log by the start of the next week.  *See id.*

On September 8, 2020, Mr. Broadbent sent an e-mail to Mrs. Tzoberi stating that he will send his material to her the next day.  *See id.*

On September 29, 2020, Mr. Broadbent e-mailed Mrs. Tzoberi stating that he thought he had sent the privilege log and asking her to let him know if not, and he would get it wrapped up that day. *See id.* Mrs. Tzoberi responded stating the privilege log had not been sent and asked that the outstanding discovery be sent to her. *See id.* Mr. Broadbent assured Mrs. Tzoberi that he would get everything over to her "ASAP." *See id.*

On October 13, 2020, Mrs. Tzoberi sent an e-mail to Mr. Broadbent requesting that the supplemental responses and privilege log be sent to her by the next day. *See id.* At 11:02 p.m., Mr. Broadbent e-mailed a copy of Defendant's expert report. *See id.* Mrs. Tzoberi responded via e-mail stating her objection to the expert report and advising that she would contact Chambers tomorrow to ask for a hearing to resolve, *inter alia*, the outstanding discovery issues. *See id.* Mr. Broadbent responded with a one-page privilege log referring to seven pages of its document production and stating Defendant had not withheld any documents entirely. *See id.* Mr. Broadbent once again assured Mrs. Tzoberi that he would gather the other material. *See id.* Mr. Broadbent also stated that the parties should confer before speaking with the Judge. *See id.* Defendant once again failed to supplement its discovery responses as required by the August Order and made no effort to contact Mrs. Tzoberi. *See id.*

Consequently, on or about October 19, 2020, Mrs. Tzoberi contacted Chambers requesting a conference to address Defendant's failure to comply with the August Order. *See id.* On or about October 27, 2020, Ms. Lundy advised Mrs. Tzoberi that she was authorized to file a formal motion. *See id.* Mrs. Tzoberi immediately ordered a transcript of the hearing. *See id.*

On November 5, 2020, Mrs. Tzoberi made one last attempt to resolve the discovery issues without Court intervention by sending Mr. Broadbent an e-mail summarizing the discovery still outstanding per the Court's August Order. *See id.* As of this filing, Mrs. Tzoberi has not received a response. *See id.*

In short, Defendant has willfully failed to comply with this Court's August Order and, as discussed in more detail below, should be sanctioned.

## ARGUMENT AND CITATION OF AUTHORITY

F. R. Civ. P 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit discovery, the Court may make such orders in regard to that failure as are just and may invoke sanctions. Some of the available sanctions as set forth in Rule 37 are:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

F. R. Civ. P 37(b)(2)(A)(i)-(vii).  The purpose of these sanctions is to punish a party who fails to comply with, or disregards, an order. *See Purposes of sanctions*, O'Connor's Federal Rules Civil Trials, ch. 6-A, § 15.1 (2020 ed.). When considering sanctions, a court should ensure that any discovery sanction comports with due process. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705 (1982).  The sanctions imposed must be just and have a direct relationship to the offensive conduct. *See Martin v. Brown*, 63 F.3d 1252, 1263-64 (3d Cir. 1995); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988); O'Connor's Federal Rules at ch. 6-A, § 15.1.  An oral directive from the Court, like the August Order, is a sufficient basis for Rule 37(b) sanctions.[1]  *See Not obeying court order*, O'Connor's

---

[1] If this Court deems the oral August Order insufficient, Plaintiff respectfully requests that this motion for sanctions be converted to a motion to compel and that the declaration of Samantha Tzoberi serve as the certification of counsel.

FEDERAL at ch. 6-A, § 15.3.1; *Halas v. Consumer Servs.*, 16 F.3d 161, 164 (7th Cir. 1994) (oral directive from court sufficient basis for F. R. CIV. P 37(b) sanctions); *Jones v. Uris Sales Corp.*, 373 F.2d 644, 647-648 (2d Cir. 1967) (oral order sufficient basis for F. R. CIV. P 37(b) sanction striking answer).

Here, Defendant willfully failed to comply with the August Order as it pertains to the following discovery:

> **INTERROGATORY 1:** Please describe all steps taken by Jackson in processing the Withdrawal Request, starting from receipt of the Withdrawal Request through sending the Check to 3049 Alberta Drive, Marietta, GA 30062 and confirming the alleged receipt of the Check.

> **RESPONSE**: The steps taken in processing the Withdrawal Request are described in Jackson's policies and procedures, including but not limited to JNL-058, and such policies and procedures are incorporated herein. By way of further response, Jackson incorporates as its response the documents produced in response to Plaintiff's Request 4 in Plaintiff's First Requests for Production of Documents. Jackson's investigation is ongoing and it reserves the right to supplement its response.

> *Defendant has failed to provide a narrative response.*

> **INTERROGATORY 3**: Please describe all steps taken and identify all Documents used or referenced by the Representative, or anyone else at Jackson, to verify the authenticity of Mr. Allen's alleged signature on the Withdrawal Request.

> **RESPONSE**: The steps taken in verifying signatures are described in Jackson's policies and procedures, including but not limited to JNL-058 and JNL-072, and such policies and procedures are incorporated herein. Steps taken to verify the signatures at issue are also described in the Special Investigations Unit file. By way of further response, Jackson incorporates as its response the documents produced in

response to Plaintiff's Request 2 and Request 4 in Plaintiff's First Requests for Production of Documents. Jackson's investigation is ongoing and it reserves the right to supplement its response.

*Defendant has failed to provide a narrative response.*

**INTERROGATORY 4:** Please state all facts and identify all Documents that Jackson contends makes the Representative qualified to process withdrawal requests and verify signatures, including, but not limited to, any formal training the Representative received from Jackson.

**RESPONSE:** Jackson objects to this Interrogatory to the extent it is unduly burdensome and vague. Without waiving any objection, Jackson trains its representatives to ensure that Jackson satisfies all legal and contractual requirements. The steps taken in verifying signatures are described in Jackson's policies and procedures, including but not limited to JNL-058 and JNL-072, and such policies and procedures are 4 incorporated herein. By way of further response, Jackson incorporates the documents produced in response to Plaintiff's Request 2 and Request 4 in Plaintiff's First Requests for Production of Documents. Jackson's investigation is ongoing and it reserves the right to supplement its response.

*Defendant has failed to provide a narrative response.  Defendant has failed to withdraw its boilerplate objection, and it remains unclear whether information is being withheld.*

**INTERROGATORY 6:** Please describe all steps taken by Jackson to investigate Plaintiff's fraud complaint related to the Withdrawal Request and Check deposit. For all steps, identify the department and person involved, the date, and a description of what was done.

**RESPONSE:** Jackson objects to this Interrogatory to the extent it seeks information protected by attorney-client privilege or any other confidentiality doctrine. Without waiving any objection, Jackson incorporates the Special Investigations Unit file describing and

recording the steps taken, and any other documents produced in response to Plaintiff's Request 9 and Request 10 in Plaintiff's First Requests for Production of Documents. Jackson's investigation is ongoing and it reserves the right to supplement its response.

*Defendant has failed to provide a narrative response.  Defendant's*

*privilege log does not appear to address the objections in this response.*

**INTERROGATORY 21:** Please identify the laws, regulations, and standards You reference in Your thirteenth defense, and state how You complied with them.

**RESPONSE:** Jackson incorporates its Initial Disclosures and policy documents produced in response to Plaintiff's requests as though fully set forth herein. Jackson's investigation is ongoing and it reserves the right to supplement its response.

*Defendant has failed to provide a narrative response.*

**REQUEST FOR PRODUCTION 1:** All agreements pertaining to the Annuity, including, but not limited to, the Annuity, any other contracts, account opening Documents, authorizations, policy terms, powers of attorney or discretionary authority agreements, and new account forms.

**RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.*

**REQUEST FOR PRODUCTION 4:** All Documents relating to any withdrawal of funds from the Annuity, including, but not limited to, (1) the Withdrawal Request, (2) both sides of the 3 Check, (3) any Documents showing the amount of the withdrawal charge imposed as a result of the Withdrawal Request, (4) any other withdrawal request forms and checks, as well as any Document showing how the respective

withdrawal request was transmitted to Jackson and by whom, (5) any IRS Form 1099-R, and (6) proof of mailing/delivery related to the Withdrawal Request, Check, other withdrawal requests, and IRS Form 1099-R.

**RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. Jackson further objects to the extent the Request is overbroad, . . .

*Defendant's privilege log does not appear to address the objections in this response. Defendant has failed to withdraw its boilerplate objection, and it remains unclear whether documents are being withheld.*

**REQUEST FOR PRODUCTION 5:** All Documents relating to any transfer of the Annuity value, including, but not limited to, a copy of the transfer request and any Document showing how the respective transfer was transmitted to Jackson and by whom.

**RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. Jackson further objects to the extent the Request is overbroad and vague, . . .

*Defendant's privilege log does not appear to address the objections in this response. Defendant has failed to withdraw its boilerplate objections, and it remains unclear whether documents are being withheld.*

**REQUEST FOR PRODUCTION 6:** All Documents relating to payments from the Annuity, including, but not limited to, a copy of the check(s) and proof of mailing/delivery.

**RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. Jackson further objects to the extent the Request is overbroad, . . .

*Defendant's privilege log does not appear to address the objections in this*

*response. Defendant has failed to withdraw its boiler plate objection, and it remains*

*unclear whether documents are being withheld.*

**REQUEST FOR PRODUCTION 7:** All Documents relating to payments of premiums into the Annuity, including, but not limited to, a copy of the check(s) and any Documents showing how the payment was transmitted to Jackson and by whom.

**RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. Jackson further objects to the extent the Request is overbroad, . . .

*Defendant's privilege log does not appear to address the objections in this*

*response. Defendant has failed to withdraw its boiler plate objection, and it remains*

*unclear whether documents are being withheld.*

**REQUEST FOR PRODUCTION 8:** All Documents Jackson relied upon in making its decision to issue the Check, including, but not limited to, a copy of the known prior signature Jackson contends it used to compare to the alleged signature of Mr. Allen on the Withdrawal Request.

**RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.*

**REQUEST FOR PRODUCTION 9:** All Documents evidencing Jackson's efforts to investigate Plaintiff's complaint of fraudulent activity related to the Withdrawal Request and Check deposit.

Documents should include, but are not limited to, Jackson's complaint file, fraud casefile, Casefile Activity Summary sheet, telephone log sheets, fraud register, and JNSN Diary entries.

**RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.*

**REQUEST FOR PRODUCTION 10:** To the extent not covered by request number 9, all Documents Jackson reviewed in its investigation related to the Withdrawal Request and Check deposit.

**RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.*

**REQUEST FOR PRODUCTION 11:**   If there were any other investigations of suspected fraud related to the Annuity beyond the Withdrawal Request and Check deposit, please produce all Documents evidencing Jackson's efforts in those investigations, including the Documents Jackson reviewed.

**RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.*

**REQUEST FOR PRODUCTION 13**: All Documents that set forth what information, documentation, and instructions Jackson deemed

necessary for its receipt of a withdrawal request to be in Good Order. Documents should include the information, documentation, and instructions in effect at any time between February 1, 2015 and March 1, 2015. If there were withdrawals beyond the Withdrawal Request, the Documents should also include the information, documentation, and instructions in effect at the time of those withdrawals.

**RESPONSE:** Jackson objects to this Request as overbroad to the extent it seeks documents bearing no relation to the events described in the Complaint or at issue in this action. . .

*The request is tailored to the period surrounding the withdrawal request at issue in the lawsuit. Other withdrawal requests are central to Defendant's defense, and Plaintiff is entitled to know what constituted Good Order at the times when these requests were processed.*

**REQUEST FOR PRODUCTION 14**: All Documents related to Jackson's anti-fraud efforts between February 1, 2010 and the date of Your response to these requests, including, but not limited to, Jackson's Procedural Guidelines for its Special Investigation Unit, Jackson's Anti-Fraud Plan, and Jackson's Fraud Casefile Handling Procedure.

**RESPONSE:** Jackson objects to this Request as overbroad to the extent it seeks documents related to anti-fraud efforts bearing no relation to the events described in the Complaint or at issue in this action. . .

*Plaintiff is entitled to know what policies were in effect during that period as it pertains to the annuity at issue. Also, Defendant cites to other withdrawal requests and deposits during that time as part of its defense and at least two of those requests were fraudulently modified without the Plaintiff's knowledge or consent. The request goes to whether Defendant's policies were followed.*

**REQUEST FOR PRODUCTION 15**: To the extent not covered by the above requests, any Documents showing the policies and procedures Jackson established to detect and deter third parties from misappropriating the benefits of Jackson's policies. Documents should include policies and procedures in effect at any time between February 1, 2010 and the date of Your responses to these requests.

**RESPONSE:** Jackson objects to this Request as overbroad to the extent it seeks policies and procedures bearing no relation to the events described in the Complaint or at issue in this action. . .

*Plaintiff is entitled to know what policies were in effect during that period as it pertains to the annuity at issue.  Also, Defendant cites to other withdrawal requests and deposits during that time as part of its defense and at least two of those requests were fraudulently modified without the Plaintiff's knowledge or consent.  The request goes to whether Defendant's policies were followed.*

**REQUEST FOR PRODUCTION 16**: To the extent not covered by the above requests, any Documents showing the policies and procedures Jackson had/has in place that are designed to protect policy owners from fraud. Documents should include policies and procedures in effect at any time between February 1, 2010 and the date of Your response to these requests.

**RESPONSE:** Jackson objects to this Request as overbroad to the extent it seeks policies and procedures bearing no relation to the events described in the Complaint or at issue in this action. . .

*Plaintiff is entitled to know what policies were in effect during that period as it pertains to the annuity at issue.  Also, Defendant cites to other withdrawal requests and deposits during that time as part of its defense and at least two of those requests*

*were fraudulently modified without the Plaintiff's knowledge or consent.   The*

*request goes to whether Defendant's policies were followed.*

> **REQUEST FOR PRODUCTION 17**: All Documents evidencing Jackson's protocol/standard practice for approving a withdrawal from an annuity in effect between January 1, 2015 and March 1, 2015.

> **RESPONSE:** Jackson objects to this Request as overbroad to the extent it seeks protocol/standard practice bearing no relation to the events described in the Complaint or at issue in this action. . .

*The lawsuit involves Defendant's approval of the withdrawal request that*

*happened in February 2015.  Presumably Defendant did not have multiple practices*

*in place at that time.  It is unclear how this objection is applicable.*

> **REQUEST FOR PRODUCTION 18**: All Documents evidencing Jackson's protocol/standard practice for approving a transfer of an annuity's value in effect between January 1, 2015 and March 1, 2015.

> **RESPONSE:** Jackson objects to this Request to the extent it seeks protocol/standard practice bearing no relation to the events described in the Complaint or at issue in this action. . .

*Defendant's production refers to suspect transfers that happened around this*

*time indicative that Defendant may have allowed additional fraudulent activity to*

*occur with the annuity funds, showing a pattern and Defendant's failure to*

*improperly investigate the fraud.*

> **REQUEST FOR PRODUCTION 19**:  All documentation of quality assurance or internal compliance including checks, flags, inspections, or reviews related to the Annuity.

**RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.*

**REQUEST FOR PRODUCTION 20**: All Documents pertaining to any Communications between Jackson and Sean Kelly that relate to Mr. Allen, Mrs. Allen, and the Annuity, including, but not limited to, any Communications on February 23, 2015.

**RESPONSE**: Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.*

**REQUEST FOR PRODUCTION 21**: All Documents pertaining to any Communications between Jackson and Mr. Allen.

**RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.*

**REQUEST FOR PRODUCTION 22**: All Documents pertaining to any Communications between Jackson and Mrs. Allen.

**RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.*

> **REQUEST FOR PRODUCTION 23**:  All Documents pertaining to any Communications between Jackson and Plaintiff, including, but not limited to, Communications between Jackson's representative, Elaine Furr, and Plaintiff.

> **RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.*

> **REQUEST FOR PRODUCTION 24**:  All Documents pertaining to any Communications between Jackson and any other person not referenced in these requests that relates to Mr. Allen, Mrs. Allen, and the Annuity.

> **RESPONSE:** Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.*

> **REQUEST FOR PRODUCTION 25**: All Documents pertaining to any Communications between Jackson's representative, Elaine Furr, and any other person relating to the Annuity.

> **RESPONSE**: Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. . .

*Defendant's privilege log does not appear to address the objections in this response.*

     **REQUEST FOR PRODUCTION 26**: A copy of any contract, license, or agreement between Jackson or Jackson National Life Distributors and Sean Kelly in effect between February 1, 2010 and the date of Your responses to these requests.

     **RESPONSE**: Jackson objects to this Request to the extent it is overbroad in seeking documents having no relationship to the events described in the Complaint or at issue in this litigation. . .

*This covers the period from when the annuity was issued and is limited to specific documents that goes to Defendant's defense that Mr. Kelly is an independent contractor, and it is not liable for his actions.*

     **REQUEST FOR PRODUCTION 27**: Any Documents showing how much commission Jackson paid to Sean Kelly relating to the Annuity and when the commission was paid.

     **RESPONSE**: Jackson objects to this Request to the extent it is unduly burdensome in seeking all documents rather than documents sufficient to establish the facts sought. . .

     *It is unclear if any documents are being withheld.*

     **REQUEST FOR PRODUCTION 28**: Any Communications with the Broker Management Department or any other department at Jackson relating to alleged fraudulent broker activity involving Sean Kelly between February 1, 2010 and the date of Your responses to these requests.

     **RESPONSE**: Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.*

> **REQUEST FOR PRODUCTION 29**: Any Documents in Jackson's possession relating to complaints about Sean Kelly between February 1, 2010 and the date of Your responses to these requests.

> **RESPONSE**: Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. Jackson further objects to this Request as overbroad to the extent it seeks documents having no relationship to the events described in the Complaint or at issue in this litigation and to the extent it seeks documents relating to complaints unrelated to the annuity and received after the Withdrawal request was processed. Without waiving any objection, responsive documents have been produced in response to Request 9. Jackson's investigation is ongoing, including its review of email, and it reserves the right to supplement this response.

*This request goes to whether Defendant was on notice of Sean Kelly's*

*fraudulent activities and whether it was negligent in its review of the Allens' file.*

> **REQUEST FOR PRODUCTION 30**: The Representative's employee file.

> **RESPONSE**: Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. Jackson further objects to this Request to the extent it is overbroad and unduly burdensome in seeking information with no bearing on the facts alleged in the Complaint or at issue in this litigation. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.  It is unclear if any documents are being withheld.*

**REQUEST FOR PRODUCTION 31**: Any Documents in Jackson's possession relating to complaints about the Representative, or any reprimands of or warnings to the Representative, between February 1, 2010 and the date of Your responses to these requests.

**RESPONSE**: Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. Jackson further objects to this Request to the extent it is overbroad and unduly burdensome in seeking information with no bearing on the facts alleged in the Complaint or at issue in this litigation. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.  It is unclear if any documents are being withheld.*

**REQUEST FOR PRODUCTION 34**: All Documents that You reviewed, consulted, or obtained in responding to Plaintiff's discovery to You, including the First Interrogatories, First Requests for Admissions, and First Requests for Production of Documents.

**RESPONSE**: Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. Jackson further objects to this Request to the extent it seeks documents previously withheld pursuant to any objection as such objections are incorporated herein, and objects to the extent any documents were reviewed but determined to be beyond the scope of discovery. . .

*Defendant's privilege log does not appear to address the objections in this*

*response.  It is unclear if any documents are being withheld.*

**REQUEST FOR PRODUCTION 35**:  All Documents described or identified in response to Plaintiff's First Interrogatories to You.

**RESPONSE**: Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. Jackson further objects to this Request to the

extent it seeks documents previously withheld pursuant to any objection, and such objections are incorporated herein. . .

*It is unclear if any documents are being withheld.*

**REQUEST FOR PRODUCTION 36**: All Documents that evidence, reference, relate to, or in any way support Your Answer and defenses in this lawsuit.

**RESPONSE**: Jackson objects to this Request to the extent it seeks documents protected by attorney-client privilege or any other confidentiality doctrine. Jackson further objects to this Request to the extent it seeks documents previously withheld pursuant to any objection, and such objections are incorporated herein. . .

*It is unclear if any documents are being withheld.*

**REQUEST FOR ADMISSION 9:** Admit that Jackson did not investigate who forged Mr. Allen's signature on the Withdrawal Request.

**RESPONSE:** . . . Without waiving any objections, Jackson denies. It investigated the allegations raised by Plaintiff as set forth in the documents produced in response to Request for Production 9 of Plaintiff's First Set of Requests for Production.

*Plaintiff's Interrogatory No. 8 states "If you deny any of Plaintiff's First Requests for Admission below, please state all facts that support each denial and identify all Documents that relate to Your Response."  Defendant has failed to provide a narrative.*

**REQUEST FOR ADMISSION 10:** Admit that Jackson has taken no action against the person who forged Mr. Allen's signature on the Withdrawal Request.

**RESPONSE:** . . . By way of further response, Jackson has taken action by investigating the allegations raised by Plaintiff as set forth in the

21

documents produced in response to Request for Production 9 of Plaintiff's First Set of Requests for Production.

*Defendant has failed to provide a narrative response as required by*

*Interrogatory 8 (see Request for Admission 9 comments above).*

**REQUEST FOR ADMISSION 11:** Admit that Jackson did not investigate who had misappropriated the Check.

**RESPONSE:** . . . Without waiving any objections, Jackson denies. It investigated the allegations raised by Plaintiff as set forth in the documents produced in response to Request for Production 9 of Plaintiff's First Set of Requests for Production.

*Defendant has failed to provide a narrative response as required by*

*Interrogatory 8 (see Request for Admission 9 comments above).*

**REQUEST FOR ADMISSION 12:** Admit that Jackson has taken no action against the individual(s) who misappropriated the Check.

**RESPONSE:** . . . By way of further response, Jackson has taken action by investigating the allegations raised by Plaintiff as set forth in the documents produced in response to Request for Production 9 of Plaintiff's First Set of Requests for Production.

*Defendant has failed to provide a narrative response as required by*

*Interrogatory 8 (see Request for Admission 9 comments above).*

**REQUEST FOR ADMISSION 14:** Admit that no one at Jackson compared the endorsement signature on the Check to the signature on the Annuity Application.

**RESPONSE:** Denied. By way of further response, Jackson has taken action by investigating the allegations raised by Plaintiff as set forth in the documents produced in response to Request for Production 9 of Plaintiff's First Set of Requests for Production. Jackson's investigation

is ongoing and it reserves the right to supplement its response to this Request.

*Defendant has failed to provide a narrative response as required by Interrogatory 8 (see Request for Admission 9 comments above).*

> **REQUEST FOR ADMISSION 15:** Admit that no one at Jackson compared the alleged signature of Mr. Allen on the Withdrawal Request to his signature on the Annuity Application.
>
> **RESPONSE:** Denied. By way of further response, Jackson has taken action by investigating the allegations raised by Plaintiff as set forth in the documents produced in response to Request for Production 9 of Plaintiff's First Set of Requests for Production. . .

*Defendant has failed to provide a narrative response as required by Interrogatory 8 (see Request for Admission 9 comments above).  It is also unclear whether anyone compared the signature prior to Plaintiff's complaint of fraud.*

The fact that Defendant has failed to comply with the August Order is only expounded by the passage of time and its repeated dilatory tactics and misrepresentations.  Specifically, almost three months have passed since the August Order and more than five months have passed since Plaintiff requested the information that is the subject of that Order.  Throughout that time, Defendant has made misleading, if not false, representations to Plaintiff's counsel as to when it would be supplementing its discovery.  As the discovery at issue, especially the interrogatories, are narrowly tailored and easy to answer, the only logical conclusion is that Defendant is intentionally hiding facts that are not favorable to it.  At a

minimum, and considering there is only eleven days left until the summary judgment deadline, the following sanctions are warranted:

(1) barring Defendant from offering any evidence that would support its defenses regarding the steps it took in processing the Withdrawal Request, verifying the authenticity of Mr. Allen's signature, showing that the Representative was qualified to process the request and to verify the signature, and investigating the fraud,

(2) finding that Defendant failed to authenticate the signature and properly investigate Plaintiff's fraud complaint; the Representative was not qualified; and Defendant failed to take the required steps per the terms of the annuity and its policies in processing the Withdrawal Request,

(3) striking Defendant's thirteenth defense, and barring Defendant from showing how it complied with its policies,

(4) requiring Defendant to produce any documents being withheld under boilerplate objections or, if there are none, to state so, and

(5) requiring Defendant to state whether any documents are being withheld and, if they are, to supplement its privilege log, or if there are none, to state so.

Defendant should be required to comply with (4) and (5) by a date certain or face additional sanctions. Further, Defendant should be barred from using any documents subsequently produced.

Lastly, Plaintiff is entitled to his attorneys' fees and costs caused by Defendant's failure to comply with this Court's August Order. *See* F. R. CIV. P 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.")

## **CONCLUSION**

Plaintiff respectfully requests that the Court, pursuant to its powers under Rule 37 and its inherent authority to prevent abuse of the judicial and discovery processes, sanction Defendant as the Court deems just. Such sanctions are justified here due to Defendant's willful failure to comply with the August Order and its repeated interference with Plaintiff having access to the true facts.

[*Counsel's Signature Appears on Next Page*]

Respectfully submitted, this 9th day of November 2020.

**TZOBERI LAW, LLC**

*/s/ Samantha L. Tzoberi*
Samantha L. Tzoberi
Georgia Bar No. 140809
830 Glenwood Ave SE
Suite 510-306
Atlanta, GA 30316
Telephone:  (404) 583-3717
Facsimile:   (404) 682-7800
Email:  sam@tzoberilaw.com
*Attorney for Plaintiff*

## Certificate of Compliance

Pursuant to LR 7.1D, NDGa., I certify that the foregoing was prepared using Times New Roman 14-point font, a font and point selection approved by the Court in LR 5.1C, NDGa.

*/s/ Samantha L. Tzoberi*
Samantha L. Tzoberi
Georgia Bar No. 140809

## Certificate of Service

The undersigned hereby certifies that on November 9, 2020, she electronically filed the foregoing using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to counsel of record for Defendant.

*/s/ Samantha L. Tzoberi*
Samantha L. Tzoberi